UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA

       - against -

                                MEMORANDUM AND ORDER
                                09-CR-00165 (ILG)

ENVER MEHMETI,

                Defendant.
---------------------------------------------------------x
GLASSER, Senior United States District Judge:

Before the Court is Defendant Enver Mehmeti's motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "FSA"). For the reasons set forth below, his motion is **DENIED**.

## BACKGROUND

On December 4, 2009, Mehmeti pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii) (Count One), and use of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). (ECF Nos. 62, 83). Between 2007 and 2009, Mehmeti led a sophisticated drug trafficking organization that distributed substantial quantities of cocaine and crack in Staten Island, New York, where the crew maintained a stash house. (*See* ECF No. 323-1, "PSR" ¶¶ 1–6). Throughout their operation, Mehmeti and his crew utilized firearms—many made available by Mehmeti—and were responsible for numerous gang and drug-related shootings. (*Id.* ¶¶ 5, 11–16). On February 24, 2009, after a federal investigation, Mehmeti was arrested[1] and arraigned. (*Id.* ¶ 17). He pleaded

---

[1] At the time of his arrest, Mehmeti waived his *Miranda* rights and stated:

> [H]e did not know why the agents were after him, because he "ain't a big fish." He informed that he was in charge of his "crew," but that he did not make that much money. He said he did not have a stash of money hidden because all the money was spent. He further informed that the money had been used to pay both his legal fees and the fees of his crew members. Mehmeti informed that there is no stash house

guilty to a superseding indictment, and was sentenced by this Court on June 9, 2010.  (ECF Nos. 83, 127).

### Mehmeti's Sentence

The Court imposed a 300-month term of incarceration on Count One, a 24-month term on Count Two, and 5 years of supervised release.  In rendering the sentence, the Court noted the substantial amount of crack Mehmeti distributed, his "serious" involvement in guns, and his "incredibly long criminal history," for which he previously served "very little time in prison." (Sentencing Hr'g Tr. ("Tr.") 26:22–28:1, 35:19-20).  In addition to his offense conduct, Mehmeti's PSR revealed decades of criminal activity, including dealing of firearms, burglary, larceny, and assault.  (PSR ¶¶ 55–70, 80–90).  Accordingly, the Court imposed a sentence that reflected the seriousness of his crimes.  Mehmeti appealed, but the Second Circuit affirmed.  (ECF No. 167).

As set forth in his PSR, Mehmeti's sentence held him accountable for 5 kilograms of cocaine and 1 kilogram of crack, setting a base offense level of 36.  (PSR ¶¶ 9, 37).  Although Mehmeti initially challenged those amounts, he declined to hold a hearing and the Court adopted the PSR's calculations "as being correct."  (Tr. 3:9–4:14).  Mehmeti received a 2-level enhancement for recruiting a minor and a 4-level enhancement for leading five or more participants in the conspiracy.  (PSR ¶¶ 40–41).  Mehmeti's timely acceptance of responsibility resulted in a 3-level reduction and, because his offense involved cocaine and crack, 2-levels were subtracted

---

of drugs, and that he was supposed to get "re-upped" from his source of supply in New Jersey the night prior to the arrest, but it never happened. . . . Mehmeti informed that one of his several sources of supply has supplied him with 200 to 300 grams of cocaine per week for the last 3 years.  Mehmeti also reported that he could order up to 500 grams of cocaine at a time, and that his source would cook the cocaine into crack-cocaine if needed.

(PSR ¶¶ 17–18).

per Guideline 2D1.1, Application Note 10D—for a total offense level of 37. (*Id.* ¶¶ 37, 52–53). Mehmeti's criminal history placed him in Category VI, resulting in a guidelines range of 360 months to life. (*Id.* ¶¶ 51, 133).

## Mehmeti's Motion

After serving less than half of his sentence, Mehmeti now requests that he be resentenced to "time served" under Section 404(b) of the FSA, which provides that:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

As relevant here, Section 2 of the Fair Sentencing Act increased the threshold quantity of crack— from 50 to 280 grams—that triggers a 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(iii). The FSA makes that relief retroactive for a "covered offense," defined as:

> a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010.

FSA § 404(a). However, Section 404(c) provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*[2]

## DISCUSSION

## I.    Mehmeti Is Not Entitled to Relief Under the First Step Act

Although the parties dispute whether Mehmeti is eligible under the FSA, the Court need not resolve that question because, even if he were eligible, the FSA does not entitle him to the relief he seeks. The plain language of the FSA permits a court to reduce a sentence "as if" the Fair

---

[2] The Second Circuit recently held that motions under the FSA should be construed under 18 U.S.C. § 3582(c)(1)(B), which permits courts to: "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020).

3

Sentencing Act was "in effect at the time the covered offense was committed." FSA § 404(b). Therefore, the FSA "only provides that the sentencing court can impose a reduced sentence based on the availability of lower mandatory minimums, and that's it. It does not allow the sentencing court to reconsider changes or developments in anything else – neither the law, nor defendant's circumstances, subsequent behavior, or person." *United States v. Martin*, No. 03-CR-795 (BMC), 2019 WL 2289850, at *4 (E.D.N.Y. May 29, 2019). Had the Fair Sentencing Act been in effect when his crimes were committed, neither Mehmeti's statutory penalty nor his sentence would have changed. Accordingly, he is not entitled to a reduced sentence under the FSA.

**II.      The Court's Discretion Under Section 404(c) of the First Step Act**

Furthermore, a sentence reduction under the FSA remains within the Court's discretion. *See* FSA § 404(c) ("Nothing in this section shall be construed to require a court to reduce *any* sentence pursuant to this section." (emphasis added)). The Court exercises that discretion here and denies Mehmeti's motion in light of the seriousness of his crimes, which were extensive and undoubtedly severe. The ends of justice are better served by leaving his sentence intact.

**CONCLUSION**

In light of the foregoing reasons, Mehmeti's motion is **DENIED**.

SO ORDERED.

Dated:         Brooklyn, New York
               May 26, 2020

/s/_____
I. Leo Glasser                          U.S.D.J.

4